Judge Trimble,
delivered the opinion of the court. The attachment was sued out upon the suggestion that Davis had “ either left the county, and commonwealth, Or so absconds himself, that the ordinary process of law cannot be served upon him.” The statute gives the remedy by original attachment, only in cases where the debtor is privately removing out of the county, or absconds and conceals himself, so that the ordinary process of law cannot be served upon him. The cases heretofore decided in this court, of Damaree vs. Jackson, Pr. Dec. 68—M’Lorty vs. Davis, 69—Leads vs. Butler, 290—Cooper vs. Logan, 320—Rees vs. Bishop, 347—Hickman vs. Gist, 352—and M'Daniel vs. Sappington, spring term 1807 (a), sufficiently explain the reasons for holding a strict hand over these, summary proceedings.
The statute was in its. intention remedial, and highly, commendable ; but instead of a process against the fraudulent, absconding, and concealing debtor, has been too often used and perverted to the purposes of fraudulent demands against those who openly and notoriously were, temporarily, absent on business, or had publicly removed. The present attachment is in the alternative — the one case clearly without the provisions of the statute, and the other cannot he said to be within it.
Judgment reversed.

(a) Ante 94.